UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

SCHERRIE L.,[1]

        Plaintiff,

    v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

        Defendant.

Case No. 3:20-cv-01526-YY

OPINION AND ORDER

YOU, Magistrate Judge:

    Plaintiff Scherrie L. seeks judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401-33, and Supplemental Security Income ("SSI") disability benefits under Title XVI of the Act, 42 U.S.C. §§ 1381-1383f. This court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. §§ 405(g).

---

[1] In the interest of privacy, the court uses only plaintiff's first name and the first initial of plaintiff's last name.

1 – OPINION AND ORDER

The Commissioner concedes the ALJ erred in a number of respects, specifically, the ALJ did not evaluate whether plaintiff's personality disorder was severe, did not analyze whether the personality disorder met or equaled a listing at step three, did not consider the effects of any personality disorder at the subsequent steps of the analysis, and did not apply the proper rule for the period after plaintiff reached advanced age, i.e., 55 years old.  The parties disagree whether the case should be remanded for further proceedings or whether plaintiff should be considered disabled as of her 55th birthday and awarded benefits from that date.

The ALJ determined plaintiff had the residual functional capacity to perform light work, "except the claimant is limited to no more than frequent stooping, kneeling, crouching, or climbing ramps and stairs. The claimant would also be limited to no more than occasional crawling or climbing ladders, ropes, or scaffolds, and would need to avoid concentrated exposure to dusts, fumes, gasses, poor ventilation, and other noxious odors. She is further limited to simple, repetitive, routine tasks, with no more than occasional contact with supervisors, coworkers, and the general public." Tr. 23.  Otherwise stated, the ALJ found that plaintiff's "ability to perform all or substantially all of the requirements of [light work] has been impeded by additional limitations."  Tr. 29.

At step five, the ALJ applied Medical-Vocational Rule 202.14, which pertains to individuals closely approaching advanced age.  Tr. 29.  However, plaintiff turned 55 in October 2018, before the ALJ issued the decision. Tr. 200.  Accordingly, as of plaintiff's 55th birthdate, the ALJ was required to apply Medical-Vocational Rule 202.06, which pertains to individuals of advanced age.  Rule 202.06 requires a finding that plaintiff was disabled once she turned 55 years old.

2 – OPINION AND ORDER

The Commissioner urges the court not to "bifurcate" the case but instead remand the entire matter for further proceedings, including a complete reassessment of the RFC for the time before and after plaintiff turned 55 years old. But, as plaintiff correctly observes, the ALJ has already given "great weight" to the opinions of the state agency consultants, who opined that plaintiff can perform only light work, and the ALJ has concluded that plaintiff can perform light work but with "additional limitations." Tr. 26, 29. Accordingly, even after the ALJ corrects the failure to consider plaintiff's personality disorder on remand, the result will not be a finding that plaintiff is capable of *more than* light work since she turned 55 years old. That is, remand will not change the outcome: given plaintiff's advanced age, if she is incapable of performing no more than light work, she is entitled to benefits. Medical-Vocational Rule 202.06.

Therefore, this case is remanded for immediate award of benefits as of the date plaintiff reached advanced age, and for further proceedings for the period at issue prior to that date. For this earlier period, the ALJ shall (1) reassess plaintiff's claim at steps two and three, (2) consider evidence of a personality disorder, plaintiff's testimony, her RFC, and her ability to perform jobs at steps four and five, and (3) issue a new decision as to this earlier period.

## ORDER

The Commissioner's decision is REVERSED and REMANDED for immediate award of benefits for the period as of the date plaintiff reached advanced age and further proceedings for the claimed period prior to that date.

DATED  July 8, 2022.

/s/ Youlee Yim You  
Youlee Yim You  
United States Magistrate Judge

3 – OPINION AND ORDER